**MOUNT VERNON CEMETERY COMPANY, Petitioner**

v.

**PENNSYLVANIA DEPARTMENT OF STATE, Bureau of Professional and Occupational Affairs, State Real Estate Commission, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 16, 2012.

Decided Nov. 13, 2012.

Alfred W. Putnam, Jr., Philadelphia, for petitioner.

Juan A. Ruiz, Harrisburg, for respondent.

BEFORE: LEADBETTER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge BROBSON.

Mount Vernon Cemetery Company (Petitioner) petitions for review of an order of Respondent State Real Estate Commission (Commission), which adopted a hearing examiner's proposed adjudication, thereby requiring Petitioner to register with the Commission as a "cemetery company" pursuant to the Real Estate Licensing and Registration Act (Real Estate Act)[1] and 9 Pa.C.S. §§ 101–312 (Burial Grounds Act). We now reverse.

After conducting an investigation, the Department of State, Bureau of Professional and Occupational Affairs (BPOA), initiated a disciplinary proceeding against Petitioner before the Commission. BPOA alleged that Petitioner qualified as a "cemetery company" under both the Real Estate Act and Burial Grounds Act. BPOA further alleged that, as a cemetery company, Petitioner was required under the Burial Grounds Act to obtain a valid registration certificate from the Commission, which it failed to do. BPOA requested sanctions in the amount of $10,000 per year for each of the twenty-eight (28) years that Petitioner failed to register.

Following a hearing, a hearing examiner issued a proposed adjudication and order, which included findings of fact and conclusions of law. With the exception of a portion of a finding that Petitioner operated a "cemetery company" in the Commonwealth from 1856 to the present, the parties do not dispute the factual findings. (Finding of Fact (F.F.) no. 1.) As to the undisputed findings, the hearing examiner found that Petitioner was established by an act of the General Assembly in 1856 and has continuously operated from that year to the present. (F.F. no. 1, 3.) Petitioner sold its last lot in 1968 and has not sold or issued any deed of sepulcher since that time. (F.F. no. 5.) Petitioner's president is Joseph Murphy (Murphy), who has held that position since 1973, when he succeeded his father in that position and became the sole shareholder of Petitioner; since that time he has not offered any lots for sale. (F.F. no. 6, 7, 13.) The only burials in Petitioner's cemetery are authorized by deeds sold to private parties before 1969. (F.F. no. 9.) The operation is now limited solely to interring remains and cremains of persons holding deeds issued before 1968. (F.F. no. 17.) Petitioner never registered with the Commission because its president believed that it did not need to because it no longer sells lots. (F.F. no. 11, 12.) The hearing examiner concluded that, beginning in 1982 and continuing to the present, Petitioner was subject to the registration requirement of Section 304 of the Burial Grounds Act, because it engaged in the business of a cemetery during that period. (Conclusion of Law no. 6.) The hearing examiner, however, recommended that no sanctions be imposed. The Commission adopted the proposed adjudication and order as its own final adjudication and order.

On appeal to this Court,[2] Petitioner essentially argues that the Commission erred in concluding that it was required

---

1. Act of February 19, 1980, P.L. 15, *as amended*, 63 P.S. §§ 455.101–455.902.

2. This Court's scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

under the Burial Grounds Act and Real Estate Act to register with the Commission. Petitioner contends that because it does not sell or offer to sell burial lots and has not done so since before the date of enactments regulating such activity, it is not a "cemetery company" within the meaning of those acts, and, therefore, it is not required to register with the Commission.[3] We agree.

When interpreting a statute, this Court is guided by the Statutory Construction Act of 1972, 1 Pa.C.S. §§ 1501–1991, which provides that "the object of all interpretation and construction of all statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). "The clearest indication of legislative intent is generally the plain language of a statute." *Walker v. Eleby*, 577 Pa. 104, 123, 842 A.2d 389, 400 (2004). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Only "[w]hen the words of the statute are not explicit" may this Court resort to statutory construction. 1 Pa.C.S. § 1921(c). "A statute is ambiguous or unclear if its language is subject to two or more reasonable interpretations." *Bethenergy Mines, Inc. v. Dep't of Envtl. Prot.*, 676 A.2d 711, 715 (Pa.Cmwlth.), *appeal denied*, 546 Pa. 668, 685 A.2d 547 (1996). Moreover, "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S. § 1921(a). It is presumed "[t]hat the General Assembly intends the entire statute to be effective and certain." 1 Pa.C.S. § 1922(2). Thus, no provision of a statute shall be "reduced to mere surplusage." *Walker*, 577 Pa. at 123, 842 A.2d at 400. Finally, it is presumed "[t]hat the General Assembly does not intend a result

that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1).

Both the Burial Grounds Act and the Real Estate Act define the terms "cemetery" and "cemetery company," as follows:

Cemetery: "A place for the disposal or burial of deceased human beings, by cremation or in a grave, mausoleum, vault, columbarium or other receptacle, but the term does not include a private family cemetery."

Cemetery company: "Any person who *offers or sells to the public* the ownership, or the right to use, any cemetery lot."

Section 101 of the Burial Grounds Act, 9 Pa.C.S. § 101 (emphasis added); Section 201 of the Real Estate Act, 63 P.S. § 455.201 (emphasis added).

Section 304 of the Burial Grounds Act, 9 Pa.C.S. § 304, which is the primary focus of this appeal, provides, in pertinent part, as follows:

(a) Registration with State Real Estate Commission.—

(1) Except as provided in paragraph (2), every cemetery company shall have a current and valid registration certificate issued by the [Commission] pursuant to … the Real Estate Licensing Act … before disposing of any lot in its cemetery or before carrying on any other cemetery business. The biennial fee for the registration certificate shall be $25.

. . . .

(b) The provisions of paragraph (1) shall not apply to cemetery companies and cemeteries owned or controlled by a bona fide church or religious congregation or fraternal organization or by any association created by a bona fide

---

**3.** Petitioner also raises several constitutional arguments, which we need not address given our disposition of this matter.

church or religious congregation or fraternal organization.

With these statutory provisions in mind, we will now consider whether the Commission erred in concluding that Petitioner was required under the Burial Grounds Act and Real Estate Act to register with the Commission. The parties agree that Petitioner operates a "cemetery," as defined by those acts. They appear to disagree, however, as to whether Petitioner is also a "cemetery company." The statutes clearly define "cemetery company" as a "person who offers or sells to the public ... any cemetery lot." It is undisputed that Petitioner presently does not "offer or sell" cemetery lots to the public (or anyone else) and has not done so since 1968. Respondent contends, however, that because Petitioner offered for sale and sold cemetery lots during an earlier time period, albeit more than forty years ago and prior to the enactment of the Burial Grounds Act in 1972 and the Real Estate Act in 1980, it currently meets the definition of "cemetery company." The statutory definition is written using present tense verbs—*i.e.*, "offers" and "sells"—not past tense verbs—*i.e.*, "offered" or "sold." 9 Pa.C.S. § 101; Section 201 of the Real Estate Act. There is simply no support for a contention that an entity, that is not currently offering for sale or selling a cemetery lot and that has never offered for sale or sold a cemetery lot subsequent to the enactment of the Burial Grounds Act and the Real Estate Act, meets the definition of a "cemetery company" under those acts. Thus, based upon the clear statutory language of both acts, we must conclude that Petitioner is not a "cemetery company."

With regard to the registration requirement, Section 304(a) of the Burial Grounds Act requires "every *cemetery company*," unless excepted pursuant to Section 304(b), to "have a current and valid registration certificate issued by the [Commission]" before it engages in certain activities. Importantly, Section 304(a) does not require every entity that operates a *cemetery* to have a current and valid registration certificate; rather, it only requires *cemetery companies* to have such a registration certificate. In fact, Section 304(a) makes no mention of *cemeteries,* and, therefore, pursuant to the clear statutory language, it does not to apply to cemeteries.

Respondent contends that we must interpret Section 304(a) to include all entities that operate cemeteries because otherwise the portion of the section which refers to "any other cemetery business" would be reduced to mere surplusage. We disagree with Respondent's contention that the phrase "any other cemetery business" would be reduced to mere surplusage if Section 304(a) is interpreted as applying only to those businesses that meet the General Assembly's definition of "cemetery company." As Petitioner points out in its brief, cemetery companies do more than just "dispose" of cemetery lots, as they "offer" them for sale by means of advertising and other forms of marketing. Petitioner's observation is consistent with the definition of "cemetery company" as "[a]ny person who *offers* or *sells* to the public ... any cemetery lot." 9 Pa.C.S. § 101 (emphasis added); Section 201 of the Real Estate Act (emphasis added). Section 304(a) of the Burial Grounds Act, therefore, may be interpreted as requiring a *cemetery company* to register not only before it sells a cemetery lot (*i.e.*, "before disposing of a lot"), but also before it advertises a lot or otherwise markets a lot for sale (*i.e.*, "before carrying on any other cemetery business"). Thus, Section 304(a) may be interpreted in a way that gives effect to all of its provisions, *see* 1 Pa.C.S. § 1921(a), and that does not reduce any provision to mere surplusage, *see Walker,* 577 Pa. at 123, 842 A.2d at 400.

For the reasons set forth above, we conclude that the Commission erred in applying Section 304(a) of the Burial Grounds Act to Petitioner because: (1) Petitioner operates a cemetery but is not a cemetery company pursuant to the definitions contained in the Burial Grounds Act and Real Estate Act, and (2) Section 304(a) of the Burial Grounds Act applies only to cemetery companies but not all companies that operate cemeteries. Accordingly, we reverse the order of the Commission.

### ORDER

AND NOW, this 13th day of November, 2012, the order of the Pennsylvania Department of State, Bureau of Professional and Occupational Affairs, State Real Estate Commission, is hereby REVERSED.